**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

KENNY STAGGS, SHELIA STAGGS, and
KENDELL LEE STAGGS                                                           PLAINTIFFS

v.                                           NO. 1:10CV00096 JLH

UNION PACIFIC RAILROAD COMPANY;
HEARTLAND EXPLORATION, LLC; and
XTO ENERGY, INC.                                                            DEFENDANTS

**<u>OPINION AND ORDER</u>**

Pursuant to 28 U.S.C. § 1447, the plaintiffs have filed a motion to remand this case to the

Circuit Court of Independence County, Arkansas, on the grounds that Union Pacific Railroad

Company's notice of removal was untimely filed and diversity jurisdiction is lacking inasmuch as

the plaintiffs are citizens of Arkansas and Defendant Heartland Exploration, LLC, is an Arkansas

limited liability company with its principal place of business in Arkansas.  Union Pacific contends

that its notice of removal was timely filed and that Heartland Exploration was fraudulently joined

for the purpose of defeating federal diversity jurisdiction.  Disregarding Heartland Exploration,

complete diversity of citizenship exists.

Section 1446 of Title 28 establishes the procedure for removal from state court.  Relevant

to the instant case is § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or proceeding
> is based, or within thirty days after the service of summons upon the defendant if
> such initial pleading has then been filed in court and is not required to be served on
> the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,

> of a copy of an amended pleading, motion, order or other paper from which it may
> first be ascertained that the case is one which is or has become removable, except
> that a case may not be removed on the basis of jurisdiction conferred by section 1332 of
> this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2006).  Ultimately, the burden is on a defendant who removes a state court action to federal court to prove that federal jurisdiction exists over the state court suit.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

This action was brought in state court on January 5, 2009, by Kenny and Shelia Staggs against Union Pacific and Heartland Exploration.  The plaintiffs seek a declaratory judgment with respect to certain mineral rights located in Independence County, Arkansas.  On July 23, 2010, the plaintiffs amended their complaint to add XTO Energy, Inc., as a defendant.  On October 19, 2010, the plaintiffs filed a second amended complaint, adding Kendell Lee Staggs as a plaintiff to the lawsuit.  On November 4, 2010, Heartland Exploration filed a motion to dismiss, alleging that it did not have an interest in the lawsuit because it had assigned all of its rights in the property at issue to another company, Crestar, before the original complaint was filed.  On November 18, 2010, Union Pacific filed a notice of removal pursuant to  28 U.S.C. § 1447.  The plaintiffs subsequently filed a motion for remand.  In response to the motion to remand, Union Pacific contended that it had no reason to know that Heartland Exploration was not a proper party to the action prior to the time the motion to dismiss was filed; that it filed a notice of removal within thirty days of receipt of the motion to dismiss; and that, under the second paragraph of § 1446(b), its notice of removal was timely filed.  Union Pacific later supplemented that response by withdrawing its allegation that it did not or could not have known that Heartland was not a proper party and by arguing that removal was

still timely under the first paragraph of § 1446(b) because the notice of removal was filed within thirty days of the second amended complaint.  The plaintiffs argue that, regardless which paragraph applies, Union Pacific did not file its notice of removal within thirty days of receiving the initial pleading, as required by the first paragraph of § 1446(b), or within one year of commencement of the action, as required by the second paragraph of § 1446(b), and Union Pacific is barred from doing so now.[1]

Union Pacific contends that the Staggs's second amended complaint constitutes an "initial pleading" because it added a new plaintiff, and an action "commences" for the purposes of § 1446(b) whenever a new plaintiff is added to the lawsuit.  This Court disagrees.  *See Ardoin v. Stine Lumber Co.*, 298 F. Supp. 2d 422, 425 (W.D. La. 2003) (finding that "the addition of new plaintiffs did not commence the action" based on the language of the statute).  *But see Hill v. Ascent Assurance, Inc.*, 205 F. Supp. 2d 606, 615 (N.D. Miss. 2002).  "Commencement" in the context of § 1446(b) refers to "when the action was initiated in state court, according to state procedures."  *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).  "It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court . . . ."  *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (4th Cir. 1988); *see also Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066, 1067 n.1 (E.D. Ark. 2005) ("State law governs when a civil action is commenced for purposes of removal.") (citing *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989)).  In Arkansas, a civil action is commenced by filing a complaint.  Ark. R. Civ. P. 3.  This Court has interpreted that to mean

---

[1]"[T]he one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed." *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002).

> [a] civil action, viewed as the whole case, the whole proceeding, can only be commenced once. Pleadings may be amended, but amending pleadings does not commence a civil action. . . . [A] civil action, viewed as the entirety of the case or the entirety of the proceeding, commence[s] when the initial complaint [i]s filed.

*Weekley*, 392 F. Supp. 2d at 1067-68 (internal citation omitted); *see also Smith v. Collinsworth*, No. 4:05CV01382 WRW, 2005 WL 3533133, at *1 (E.D. Ark. Dec. 21, 2005) ("In *Weekley*, the court applied Arkansas procedure, and found that an action is commenced when a complaint is filed."). Based on this interpretation of Arkansas law, as applied in the context of removal to federal court, the second amended complaint, which added Kendell Lee Staggs as a plaintiff, did not commence a new action and, thus, did not constitute an "initial pleading." *See, e.g.*, *Hot Spring Cnty. Solid Waste Auth. v. UnitedHealth Grp.*, No. Civ. 05-6065, 2006 WL 376545, at *3 (W.D. Ark. Jan. 13, 2006) (finding that the addition of two new plaintiffs did not commence a new action).

In response to the motion to remand, Union Pacific argued that, even if it did not meet the requirements of § 1446(b), the deadlines should be equitably tolled in this instance. The United States District Court for the Eastern District of Missouri recently addressed whether the one-year deadline included in § 1446(b) may be equitably tolled:

> The circuits disagree as to whether the one-year limit is subject to equitable tolling. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir. 2003) (discussing disagreement). Although the Eighth Circuit has not discussed this precise issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).

The legislative history of Section 1446(b) provides as follows:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that

4

arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff.  Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

H.R. Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

Defendant relies primarily upon case law from the Fifth Circuit to argue that the one-year limit is subject to an equitable exception. Courts within this district, however, have found based on the plain language of the statute as well as its legislative history that the one-year limitation is absolute. *See Banks v. Archer Daniels Midland Co.*, No. 4:10CV700 DDN, 2010 WL 2265165, at * 2 (E.D. Mo. June 2, 2010); *Bancservs. Group, Inc. v. W. Nat'l Bank*, No. 1:08CV13 HEA, 2008 WL 922308, at * 1 (E.D. Mo. Mar. 31, 2008); *Harris v. Alamo Rent A Car, LLC*, No. 4:07CV865 JCH, 2007 WL 1701868, at * 2 (E.D. Mo. June 11, 2007).

\* \* \*

Although defendant contends that this is a case of first impression, this district considered whether an equitable exception should be applied when allegations of misconduct and forum manipulation were present in *Advanta Tech. Ltd. v. BP Nutrition, Inc.*, No. 4:08CV00612ERW, 2008 WL 4619700, at *2 (E.D. Mo. October 16, 2008). In *Advanta*, the defendants argued that the plaintiffs misrepresented to the court that the only non-diverse plaintiff was the real party in interest, when the evidence demonstrated otherwise, thereby destroying diversity. The defendants claimed that equitable tolling was appropriate due to plaintiff's misrepresentation. The court granted the plaintiff's motion to remand, stating "[i]f this Court had discretion to deny Plaintiff's Motion to Remand, this case would remain pending before the Court, however, in light of recent Court opinions, the Court now finds that 28 U.S.C. § 1446(b) establishes a jurisdictional requirement that may not be equitably tolled." *Id.* at * 4.

The undersigned finds that the one-year limit is absolute and cannot be equitably tolled. The plain language of the statute, legislative history of the statute, and precedent in this district compel this result. It is true, as defendant notes, that this finding may permit forum manipulation by plaintiffs. Nevertheless, creating an equitable exception for § 1446(b) would "[contravene] the Court's role of interpreting and applying a statute as written by Congress." *Harris*, 2007 WL 1701868, at * 3 (citing *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir.2006) (acknowledging that Congress, not the courts, write statutes)).

*Cole v. Amerigon Inc.*, No. 1:10CV00172, 2010 WL 5392752, at *2-4  (E.D. Mo. Dec. 21, 2010) (footnotes omitted).  Like the district court in *Cole v. Amerigon Inc.*, other "district courts in the Eighth Circuit have held that even where there is 'strong evidence' of forum manipulation, the [ ] 'one-year limitation is absolute' and cannot be equitably tolled." *Schafer v. Bayer Cropscience LP*, No. 4:10CV00167, 2010 WL 1038518 BSM, at *2 (E.D. Ark. Mar. 19, 2010) (quoting *Advanta Tech.*, 2008 WL 4619700, at *3; *Thelen v. Wakonda Club*, No. 4:04CV40035, 2004 WL 1737382, at *3 (S.D. Iowa Jul. 23, 2004)).  These courts have reasoned that "if Congress had wanted § 1446(b) to be claim or party specific, it could have worded the provision to make it so. . . .  Because Congress did not do this, the court should not reword the statute to make it read this way." *Manske v. Rocky Mountain Holding Co., LLC*, No. 4:06CV3198, 2007 WL 570327, at *1 (D. Neb. Feb. 14, 2007).

As to the thirty-day time limit proscribed under the first paragraph of § 1446(b), "[a] defendant who fails to remove within the thirty-day period waives the right to remove at a later time . . . ." *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).  Union Pacific fails to cite any case by a court in the Eighth Circuit—and the Court can find none—in which the thirty-day limit was tolled because a non-diverse defendant had been fraudulently joined.  *See Bearup v. Milacron*, No. 01-CV-74455-DT, 2002 WL 482548, at *4 (E.D. Mich. Feb. 28, 2002) (finding that because the defendant had not shown that equitable tolling was applicable in the circuit, remand was appropriate).  In fact, it would make little sense to allow Union Pacific to circumvent the one-year time limit in the second paragraph of § 1446(b), which serves as an absolute bar to removal, by tolling the thirty-day time limit in the first paragraph.

Even if the time limits set by § 1446(b) could be equitably tolled, it would not be appropriate to do so in this case.  "Generally a litigant seeking equitable tolling bears the burden of establishing

6

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). "Equitable tolling is applied sparingly and generally is only extended in situations such as where a party has been induced or tricked by an opposing party's misconduct into allowing a filing deadline to pass or where a party actively pursues his judicial remedies but mistakenly files a defective pleading during the statutory period." *Poskey v. Taylor, Bean & Whitaker Mortg. Corp.*, No. 9:08CV209, 2009 WL 33413, at *3 (E.D. Tex. Jan. 6, 2009) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). Here, Union Pacific readily admits that it was aware that Heartland Exploration had assigned its interest in the property at issue: "Apparently, Crestar [the company to which Heartland Exploration assigned its interest] approached Union Pacific about the amendment sometime after the transfer . . . ." (Def.'s Suppl. Resp. to Mot. for Remand at 1.) Even with this information, Union Pacific failed to file a notice of removal within thirty days of receipt of the subsequent complaint. It should not be permitted to do so now.

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. Document #22. All other motions are denied as moot. Documents #11 and #19.

IT IS SO ORDERED this 28th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

7